

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. O-2734 A
Re: Is it mandatory that the county
auditor install and keep a
school register? And related
questions.

Your letter of October 19,1940, requesting an opinion of this Department upon the questions as are herein stated has been received.

We quote from your letter as follows:

"I am in receipt of your opinion O-2734, re: 'County auditor's duties respecting school ledgers' for which opinion I thank you very kindly. I must admit, however, that your answer to question No. 3 which question reads as follows: 'If answer to No. 1 is 'no' and answer to No. 2 is 'yes', then please advise by what authority and from what source is auditor to get the necessary information to keep the record', is not clear.

"By way of introduction, will say that the auditors of Cooke County have not kept a school ledger since about 1927. Evidently the keeping of such a ledger was abandoned about the time the opinion of the Attorney General, book 62, page 337, was released, which opinion says, ' . . . School affairs of a county, administrative and financial, are under the supervision of the State and not the county . . .'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. A. McElrath, Page 2

"I am taking the liberty of discussing the proposition further, somewhat in detail, in the hope that you may be able to see just what an auditor is up against when he tries to keep the school ledger as provided for in article 1652 with the limited information available for keeping such a ledger. I am not attempting to argue or to discuss the matter as a lawyer would discuss it, but rather from the standpoint of one whose duty it is to put the law into effective operation and does not know, in view of the conflicting circumstances, how to go about it.

"The term 'ledger' as used in said article 1652 is evidently meant to be an ordinary ledger such as is used in business, as it calls for an 'accurate account of all funds received and disbursed.'

"A ledger in any business is a book, or books, intended to reflect the financial status of the business, and is set up and maintained by passing through the office of the keeper of such a ledger a complete report of receipts and disbursements of every kind, including purchases, sales, and other items essential to the conduct of the business, thus enabling the keeper of such ledger to make the proper entries and show the status of all accounts.

"The ledger of the county as a business concern is provided for in article 1607 and is known as a 'Finance Ledger'. It reflects the state of county finances, and must be kept by the county auditor for the use and benefit of the commissioners' court. Information necessary for the installing and maintaining of this ledger is provided for in part by article 1617 which provides that every county official through whose hands pass any county funds, except the county superintendent, shall make a full report of all monies collected and present receipts and vouchers showing what disposition had been made of such monies; said report to be made to the commissioners' court at each regular term. These reports, receipts, vouchers, etc., all of which must pass through the auditor's office, provides the auditor with all the data necessary to install and maintain a dependable ledger that reflects the financail status of each office individually and in its relationship to the general finance of

572

Honorable R. A. McElrath, Page 3

the county. In addition to these reports from the
various officials, a list of all funds deposited with
the county treasurer to the credit of any county fund
is submitted to the auditor with a duplicate receipt
of each deposit. Also all claims allowed by the com-
missioners' court, which claims represent all county
disbursements, must pass through the auditor's office.
Thus he is furnished with a complete report of all
receipts and disbursements of all county funds.

"The set-up with reference to installing and
maintaining a school ledger is entirely different. No
report is required to be made to the county auditor by
the county superintendent or school trustees, or any
other school official, or for the submission of receipts,
vouchers, etc., as is required of other officials. When
there is a per capita apportionment of state funds made
by the State Superintendent of Public Instruction to be
placed to the credit of the available school fund of
the county, the money is sent direct to the county de-
pository who reports the receipt of such money to the
county superintendent together with the amount of such
deposit. Likewise, collections of special school taxes
are deposited by the tax collector in the same manner.
In neither case is the State Superintendent, the county
superintendent, the county tax collector, or the county
depository required by law to report these receipts to
the county auditor.

"The same general situation is true with reference
to disbursements. I quote from opinion O-1063 to which
you refer which says '...We are, therefore, of the
opinion that the administration and disbursements of
school funds is under the control of the school bodies
and that this authority should not be limited by super-
vision of the county auditor and other county officials
when such supervision has not been specifically author-
ized...' So far as I am able to learn, there has been
no such 'specific supervision' authorized in Cooke Coun-
ty.

"Comparing the provisions provided by law for keep-
ing the finance ledger with those for keeping the school
ledger, we have the following:

"RECEIPTS:

"Finance Ledger - Reports of receipts of all monies received by all county officials handling county monies, except county superintendent. Report of county treasurer with duplicates of all deposits to county funds for all purposes.

"School Ledger - No reports and no record of receipts or deposits.

"DISBURSEMENTS:

"Finance Ledger - Reports of disbursements made by all county officials handling county monies together with receipts, vouchers, etc. Examining and passing upon all claims presented to the commissioners' court, which claims cover all disbursements made by county.

"School Ledger - No reports of county superintendent or trustees to county auditor authorized. Passing on school disbursements by auditor prohibited by law.

"I note that in your answer to question No. 3, you say, 'The auditor has access to and authority to examine all books, accounts, receipts, vouchers, and other records of all county officials, and to examine all vouchers given by trustees of common school districts...', and from this you conclude that it is a basis for installing and maintaining a school ledger and base your conclusion upon article 1653 which says '...he shall have continual access to and shall examine all the books, accounts, reports, vouchers, and other records of any officer, the orders of the commissioners' court relating to the finances of the county, and all vouchers given by the 'trustee' of all common school districts of the county and shall inquire into the correctness of same...'

"It appears to me that the above mentioned article to which you refer as authorizing the county auditor to obtain the necessary information to install and maintain a school ledger is in the main only a blanket authority to auditors to examine (or audit) the books of any official in the county whenever deemed advisable, and is not to be regarded as

574

providing a source of information for setting up and maintaining a school ledger. Furthermore, the reference to the examination of vouchers given by trustees of common school districts is not effective, since in the opinion of the Attorney General, book 62, page 337, to which previous reference has been made, it is held that '...school affairs of a county, administrative and financial, are under the supervision of the state and not the county...'

"In your answer to questions 4 and 5 to wit 'Is the county school superintendent of Cooke County required to keep the ledger mentioned in article 1652, or its equivalent?' and, 'Is the school depository bank of Cooke County required to keep the ledger mentioned in article 1652 or its equivalent?', each question was answered in the negative. Please permit the following observation: If the school ledger mentioned in article 1652, or a similar ledger, were not kept by both the depository bank and the county superintendent, and were kept by the county auditor, all of which would be in line with your construction of the law, then neither the depository bank nor the county superintendent could give any information whatever as to the finances of any school district in the county until the auditor's ledger had been consulted, and this in the face of the fact that every item of receipts and disbursements pertaining to school funds pass through the depository bank and the office of the county superintendent in the regular order of business, while none of them pass through the office of the county auditor. As a matter of fact, both the depository bank and the county superintendent must keep, and do keep, such a ledger. They could not take care of businesses of their offices without it, nor could they make the annual reports required of them by the state superintendent. They are provided with every item of information necessary to keep such a ledger, and so far as I am able to learn, an auditor is not authorized by law to demand a report of receipts and disbursements of school funds, either from the depository bank of the county or the county superintendent or any other school official.

"In view of the foregoing mess of conflicting circumstances, your opinion is desired as to whether, under the terms of article 1652 and other statutes pertaining to school matters, it is mandatory upon me as county

auditor of Cooke County to 'install' such a ledger regardless of the fact that no provision is made for supplying me with the information necessary to keep such a ledger.

"In view of the further fact that the county superintendent of Cooke County must keep and does keep such a ledger as described in article 1652, your opinion is desired as to whether such a ledger should be paid for out of the school funds as provided for in article 2700D-1, section 2, which act reads as follows: 'The county board of trustees shall annually on or before the first day of August hereafter order a scholastic per capita assessment against each school district within the county in sufficient amount to provide for the payment of the salary and office expenses of the county superintendent and any office assistants he may have, as is now provided by law, or may hereafter be provided. And the said assessment when legally made and certified to the school districts of the county shall be paid by them for the purpose herein specified.'

"Or shall same be paid out of county funds as provided for in article 3899-b section 2, which says, 'Suitable offices and stationery and blanks necessary in the performance of their duties may in the discretion of the commissioners' court also be furnished to resident district judges, resident district and county attorneys, county superintendents, and county surveyors, and may be paid for on order of the commissioners' court out of the county treasurer?'

"Or must it be paid for out of the private funds of the county superintendent?"

Article 1652, Vernon's Annotated Civil Statutes, reads as follows:

"The auditor shall install in his office a school ledger showing an accurate account of all funds received and disbursed by the common school districts of his county; a bond register showing all the school bonds issued by the common school districts of his county, their rate of interest, date issued and maturity date; and he shall also keep an interest and sinking fund account of such school bond."

Honorable R. A. McElrath, Page 7

Article 1653, Vernon's Annotated Civil Statutes, provides that:

". . .He shall have continual access to and shall examine all the books, accounts, reports, vouchers and other records of any officer, the orders of the commissioners court, relating to the finance of the county, and all vouchers given by the trustees of all common school districts of the county and shall inquire into the correctness of the same."

In our Opinion No. O-2734, addressed to you, it was held that the school ledger mentioned in Article 1652, supra, must be kept by the county auditor. We believe that our Opinion No. O-2734 is correct and specifically answers your first question presented in the above mentioned letter. Therefore, you are respectfully advised that it is our opinion that it is mandatory that the county auditor keep the school ledger referred to in Article 1652, supra. You also raise the question as to how you are to secure the information necessary to keep a school ledger as above mentioned. Article 1653, supra, among other things, provides that the county auditor shall have continual access to and shall examine all the books, accounts, reports, vouchers and other records of any officer . . . and all vouchers given by the trustees of all common school districts of the county and shall inquire into the correctness of the same. As stated in our Opinion No. O-2734, "details for such examinations may doubtless be worked out between the auditor and such officers." The manner in which such details are to be worked out is within the discretion of the auditor and cannot be passed upon by this Department.

It is stated in your letter "that the auditors of Cooke County have not kept a school ledger since about 1927. Evidently the keeping of such a ledger was abandoned about the time the opinion of the Attorney General, Book 62, page 337, was released which opinion says ' . . . school affairs of a county, administrative and financial, are under the supervision of the state and not the county . . .'" It is true that the above mentioned opinion holds as just stated. However, this opinion, which is a conference opinion, among other things, further holds in effect that the county auditor is required to keep a school ledger, showing all school funds received and disbursed by trustees of county school districts in his county, and a record of all school bonds issued by said districts and that he (the county auditor) is required to examine all vou-

Honorable R. A. McElrath, Page 8

chers given by trustees of common school districts of the county and to inquire into the correctness of the same.

We think that there is much merit in the position you take. However, Article 1652 was added to the statutes in 1917 and we can see no good reason for its existence since, as stated by you, such ledger is kept by the county superintendent and a like ledger is kept by the county depository, but the Legislature has made the requirement set out in Article 1652, supra, and imposed such duty upon the county auditor.

Article 3899b, mentioned above, authorizes the commissioners' court to purchase blanks and stationery when the court in its discretion decides to do so. However, we do not believe that this statute authorizes the court to purchase books such as ledgers.

In view of the last above mentioned statutes you are advised that it is our opinion that the ledger kept by the county superintendent should be paid for out of the school funds as provided in Article 2700d-1 and Article 2827a. The county superintendent is not required to pay the cost of the above mentioned ledger personally.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED NOV 7, 1940

AW:BBB

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN